UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 2:16-cr-00080-JDL |
| | ) | |
| ROSS TARDIF, | ) | |
| | ) | |
| Defendant | ) | |

## RECOMMENDED DECISION ON EMERGENCY
## MOTION TO REDUCE SENTENCE

Pursuant to 18 U.S.C. § 3582(c)(1)(A), Defendant moves for a reduction of his sentence and immediate release, citing health concerns resulting from the COVID-19 pandemic. (Motion, ECF No. 50.)  The Government objects to Defendant's request.

Following a review of the record and after consideration of the parties' arguments, I recommend the Court deny the motion.

### FACTUAL BACKGROUND

In March 2017, the Court sentenced Defendant, who was born in 1986, to a total of 90 months in prison (30 months on drug offenses and 60 months consecutive for the related firearm offense).  (Judgment, ECF No. 37.)  In support of his request for a reduction in his sentence, Defendant asserts that he is "especially vulnerable to contracting the deadly COVID-19 virus" because of a "compromised immune system" due to (a) medication he takes for an anxiety disorder and (b) his anemia. (Motion at 1.)  Defendant also contends that the conditions in the prison do not allow for the necessary social distancing to prevent the spread of the virus.

## DISCUSSION

"Congressional enactments have deprived the district courts of their common-law authority to modify sentences at a defendant's behest." *United States v. Gonzalez-Rodriguez*, 777 F.3d 37, 38 (1st Cir. 2015). "Once a district court imposes a term of imprisonment, it may modify that term only to the extent authorized by 18 U.S.C. § 3582(c)." *United States v. Griffin*, 524 F.3d 71, 83 (1st Cir. 2008).

Under § 3582(c), the sentencing court may: (1) correct an arithmetical, technical or other clear error within 14 days after sentencing, *id.* § 3582(c)(1)(B), Fed. R. Crim. P. 35(a); (2) reduce a sentence upon the government's motion within one year of sentencing if the defendant provided substantial assistance investigating or prosecuting another person, *id.* § 3582(c)(1)(B), Fed. R. Crim. P. 35(b); (3) modify a sentence that was based on a guideline range which the Sentencing Commission subsequently lowered, *id.* § 3582(c)(2); (4) shorten a sentence for a defendant over the age of seventy who has served more than thirty years in prison and is no longer a danger to others, *id.* § 3582(c)(1)(A)(ii); and (5) reduce a sentence for extraordinary and compelling reasons, such as terminal illness, serious physical or cognitive impairment, or the death or incapacitation of the caregiver of a minor child, spouse or partner, *id.* § 3582(c)(1)(A)(i), U.S.S.G. § 1B1.13 Application Note. Beyond that "handful of narrowly circumscribed exceptions," the sentencing court "has no jurisdiction to vacate, alter, or revise a sentence previously imposed." *United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir. 2017).

Relevant to Defendant's request, the following may constitute "extraordinary and compelling reasons:"

(A) Medical Condition of the Defendant.

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is

       (I) suffering from a serious physical or medical condition,

       (II) suffering from a serious functional or cognitive impairment, or

       (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide selfcare within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, Application Note 1.  Courts may only reduce sentences based on extraordinary and compelling reasons after considering the § 3553(a) factors: (1) "upon motion of the Director of the Bureau of Prisons," or (2) "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A)(i).

Defendant maintains that the health risks associated with COVID-19 constitute "extraordinary and compelling reasons" to reduce his sentence.  The Government argues that Defendant is not entitled to relief because the BOP did not file a motion to reduce Defendant's sentence, he has not exhausted the administrative process, and he has not presented "extraordinary and compelling reasons" to support the requested reduction.

Exhaustion has been raised in response to many of the COVID-19-related requests for sentence reductions under § 3582(c)(1)(A).  Whether the exhaustion requirement is jurisdictional, meaning it delineates a courts' authority, or whether a lack of exhaustion may be waived or excused by a court in some circumstances is an issue of legitimate debate. *See e.g., United States v. Raia*, No. 20-1033, 2020 WL 1647922 (3d. Cir. Apr. 2, 2020) (declining to remand to the district court because the lack of exhaustion "present[ed] a glaring roadblock foreclosing compassionate release at this point"); *United States v. Lugo*, No. 19-cr-00056-JAW, 2020 WL 1821010 (D. Me. Apr. 10, 2020) (noting a split among the courts and declining to reach the merits of the motion because the defendant did not exhaust the remedies or wait thirty days); *United States v. Haney*, No. 19-cr-541, 2020 WL 1821988 (S.D. N.Y. Apr. 13, 2020) (concluding that the issue of waiver and a court's ability to excuse a failure to exhaust is a matter of congressional intent and "Congress cannot have intended the 30-day waiting period . . . to rigidly apply in the highly unusual situation" of this pandemic); *United States v. Guzman Soto*, No. 1:18-CR-10086-IT, 2020 WL 1905323, at *5 (D. Mass. Apr. 17, 2020) (finding "authority and discretion to waive the thirty-day waiting period based on exigent circumstances").

Here, the Court need not decide the issue because even if Defendant exhausted the administrative process, Defendant has not established grounds for a sentence reduction. *See e.g., Bell v. Cone*, 543 U.S. 447, 451 (2005) (finding it "unnecessary to express a view" on the issue of exhaustion in the habeas corpus context when a petition can be denied on other grounds); *Goodrich v. Hall*, 448 F.3d 45, 49 (1st Cir. 2006) (courts need not analyze

4

complicated or uncertain issues like retroactivity when the postconviction motion may be denied on other grounds).

The circumstances in which courts have granted compassionate release based on the risks associated with COVID-19 have been considerably more favorable for compassionate release than Defendant's circumstances. *See e.g.*, *United States v. Jepsen*, No. 3:19-CV-00073(VLB), 2020 WL 1640232, at *5 (D. Conn. Apr. 1, 2020) ("Jepsen is in the unique position of having less than eight weeks left to serve on his sentence, he is immunocompromised and suffers from multiple chronic conditions that are in flux and predispose him to potentially lethal complications if he contracts COVID-19, and the Government consents to his release"); *United States v. Jasper*, No. 18 CR. 390-18 (PAE), 2020 WL 1673140, at *1 (S.D.N.Y. Apr. 4, 2020) (the defendant presented no serious danger to the public, was sentenced to only four months in prison, was to be released in 36 days, was the mother of two young children whose father was in prison for a lengthy sentence, and had Crohn's disease).   In fact, many courts have denied requests for compassionate release in similar and more favorable circumstances to Defendant's. *See e.g.*, *United States v. Moskop*, No. 11-CR-30077-SMY, 2020 WL 1862636, at *1 (S.D. Ill. Apr. 14, 2020) (declining compassionate release because defendant had served less than half of 240-month sentence despite age of seventy-two and "various acute and chronic conditions including depression, high blood pressure, high cholesterol, an enlarged prostate, hearing loss, kidney disease, bleeding on the brain, and mental deterioration"); *United States, v. Hylander*, No. 18-CR-60017-BLOOM, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (declining compassionate release because defendant had served only

one third of the sentence even though defendant was sixty-six years old and suffered from chronic hypertension, edema, gastroesophageal reflux disease, stomach ulcers, high cholesterol, obesity, and was pre-diabetic).

Defendant has served approximately one third of his ninety-month sentence, is relatively young (34 years old), and has offered no persuasive evidence that he suffers from a serious medical condition as contemplated by § 3582(c)(1)(A).  The record lacks sufficient evidence from which the Court could conclude that his medical condition or the conditions at the prison place him at a material greater risk due to COVID-19 than the typical person incarcerated at the prison.  A sentence reduction, therefore, is not warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Defendant's motion to reduce his sentence.  (ECF No. 50.)

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of April, 2020.