UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 2:16-cr-00080-JDL-1 |
| | ) |
| ROSS TARDIF, | ) |
| Defendant. | ) |

**ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

On June 29, 2016, Ross Tardif pleaded guilty to two counts of possession with intent to distribute a controlled substance and one count of knowingly possessing a firearm in furtherance of those crimes. On February 7, 2017, Tardif was sentenced to a term of imprisonment of ninety months. Tardif moves to reduce his term of imprisonment under 18 U.S.C.A. § 3582(c)(1)(A)(i), seeking compassionate release based on the alleged health risks he faces in federal custody during the COVID-19 pandemic (ECF No. 50). United States Magistrate Judge John C. Nivison filed his Recommended Decision on the motion with the Court on April 23, 2020 (ECF No. 52), pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2020) and Fed. R. Civ. P. 72(b), recommending that Tardif's motion be denied. Tardif timely filed an objection on May 28, 2020 (ECF No. 57).

I have reviewed and considered the entire record, including Tardif's objection, and have made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. I concur with the recommendations of the United

States Magistrate Judge for the reasons set forth in his Recommended Decision and determine that no further proceeding is necessary. I write separately, however, to address one of the points raised in Tardif's objection.

To grant a motion for compassionate release under 18 U.S.C.A. § 3582(c)(1)(A)(i), a court must find "extraordinary and compelling reasons" for doing so. For guidance as to what might constitute extraordinary and compelling reasons, the Recommended Decision referenced an application note from a policy statement issued by the Sentencing Commission. *See* ECF No. 52 at 2–3. Specifically, the Recommended Decision relied on Section 1(A) of the application note, which provides that the medical condition of the defendant can sometimes establish an extraordinary and compelling reason warranting compassionate release. *See* U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018). In his objection, Tardif argues that he is entitled to compassionate release under Section 1(D) of the application note, which allows for a finding of "an extraordinary and compelling reason other than, or in combination with, the reasons described in" Sections 1(A), 1(B), and 1(C), "[a]s determined by the Director of the Bureau of Prisons." *Id.*

After the Sentencing Commission last updated the policy statement, the compassionate release statute was amended pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (codified at 18 U.S.C.A. § 3582(c)–(d) (West 2020)). Prior to that amendment, the compassionate release statute did not permit defendants to move for compassionate release—only the Director of the

2

Bureau of Prisons was empowered to bring a motion for compassionate release on a defendant's behalf. *See* 18 U.S.C.A. § 3582(c)(1)(A) (effective Nov. 2, 2002 to Dec. 20, 2018). Because the Sentencing Commission has not updated its policy statement since the enactment of the First Step Act, I conclude, as have other courts, that I should consider the policy statement, but that I am not bound to strictly apply it in deciding whether to grant compassionate release. *See, e.g.*, *United States v. Acoff*, Nos. 3:15cr157 (MPS), 3:11cr179 (MPS), 3:09cr073 (MPS), 2020 WL 2781798, at *2 (D. Conn. May 29, 2020); *United States v. Perez*, No. 88-10094-1-JTM, 2020 WL 1180719, at *2 (D. Kan. Mar. 11, 2020). Accordingly, the Court's authority to grant compassionate release is not limited by the policy statement's definition of "extraordinary and compelling reasons" warranting a reduction in sentence under 18 U.S.C.A. § 3582(c)(1)(A)(i) after the First Step Act, including Section 1(A) of the application note. *See United States v. Brooks*, No. 07-CR-20047-JES-DGB, 2020 WL 2509107, at *5 (C.D. Ill. May 15, 2020) (collecting authorities). Although the Recommended Decision specifically cited only Section 1(A), its analysis reflected a broader approach, reflective of the Court's authority.[1]

---

[1] Tardif also objects that the Recommended Decision miscalculated the amount of time Tardif has served thus far. The Recommend Decision stated that Tardif had served approximately one third of his sentence, while Tardif states he has served over half of his sentence, including credit for "good conduct time." According to a Summary Report filed by United States Probation & Pretrial Services on June 19, 2020, Tardif has served approximately forty-four percent of his sentence. However, because I agree with the Recommended Decision's conclusion that Tardif has not established extraordinary and compelling reasons justifying compassionate release, the amount of time Tardif has served does not affect my decision.

It is therefore **ORDERED** that the Recommended Decision (ECF No. 52) of the Magistrate Judge is hereby **ACCEPTED** and Tardif's motion for compassionate release (ECF No. 50) is **DENIED**.

**SO ORDERED.**

**Dated this 13th day of July, 2020.**

/s/ Jon D. Levy
**CHIEF U.S. DISTRICT JUDGE**
