UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) 2:16-cr-00080-JDL |
| | ) |
| ROSS TARDIF, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION**

On November 19, 2020, Ross Tardif filed a motion requesting that the Court recommend to the Bureau of Prisons (BOP) that it reassign him to a residential reentry center (RRC, or halfway house) for the maximum allowable period at the end of his sentence (ECF No. 61).[1] After careful consideration, I deny Tardif's motion.

## I. BACKGROUND

In June 2016, Tardif pled guilty to one count each of possession with intent to distribute cocaine, possession with intent to distribute oxycodone, and possession of a firearm in furtherance of a drug trafficking crime. On February 7, 2017, I sentenced him to 90 months in prison. Tardif is currently incarcerated at FCI Berlin, with an anticipated release date of July 17, 2023.

In Tardif's motion, he asserts that he has no disciplinary infractions during his time in prison, and has been unable to participate in a residential drug abuse program (RDAP) because it is not offered at FCI Berlin. He has worked two jobs, in

---

[1] The Government received notice of Tardif's motion but has not filed a response.

landscaping and food service, throughout his time in prison. Tardif also notes that, while on pretrial supervised release, he attended mental health and substance abuse counseling without being ordered to, and that he is eager to reintegrate into the community and rejoin his family in Maine.

Tardif asserts that he has been told by his BOP case manager that, with a judicial recommendation, he might qualify for a longer period than the "6-9 months of RRC placement he would otherwise likely receive." ECF No. 61 at 2. He seeks a judicial recommendation for placement in an RRC for the final twelve months of his sentence, which is the statutory maximum amount of time. *See* 18 U.S.C.A. § 3624(c)(1) (West 2021).

## II. DISCUSSION

The BOP has plenary authority over RRC decisions, *see Tapia v. United States*, 564 U.S. 319, 331 (2011), but federal law permits a court to make a nonbinding recommendation to the BOP regarding a particular defendant, *see* 18 U.S.C.A. § 3621(b) (West 2021). Some courts have granted defendants' requests for such a recommendation, typically "emphasiz[ing] the defendant's post-sentencing rehabilitation, the criminal record, and any recommendations from BOP personnel." *United States v. Stile*, No. 1:11-cr-00185-JAW, 2018 WL 4219192, at *3 (D. Me. Sept. 5, 2018) (collecting cases). More frequently, however, courts have denied such motions, often noting that the BOP is significantly better positioned to distinguish the movant from the other prisoners who might also be eligible for RRC placement. *See United States v. Perry*, No. 2:13-cr-00049-TLN, 2017 WL 1534275, at *2 (E.D. Cal.

Apr. 28, 2017) (collecting cases); *accord United States v. Smith*, No. 2:10-CR-154-DBH, 2011 WL 5842567, at *1 (D. Me. Nov. 18, 2011).

Tardif appears to present a strong case for early placement in an RRC, particularly given that he has been unable to participate in an RDAP, which I recommended at sentencing. In my view, however, a recommendation should be reserved for the unusual circumstance in which the court has information about the defendant that the BOP either does not have or might not weigh appropriately. There is no suggestion that the BOP does not have access to the same information about Tardif's conduct, history, and qualifications for early placement as I do, and the BOP has additional information that I lack: for instance, the availability of RRC placements and how Tardif ranks in relation to other eligible defendants.

Based on the knowledge I have of Tardif from his sentencing, and the information he reports in his motion, it appears that Tardif is a strong candidate for early placement. However, the BOP is in the best position to distinguish Tardif from other prisoners, and the record does not permit me to issue a judicial recommendation.

For the foregoing reasons, Tardif's motion for judicial recommendation (ECF No. 61) is **DENIED**.

**SO ORDERED.**

**Dated this 25th day of January, 2021.**

                                                 /s/ JON D. LEVY
                                      CHIEF U.S. DISTRICT JUDGE